UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOBBY DAVENPORT, III,<br><br>Plaintiff,<br><br>v.<br><br>R. UDHE, et al.,<br><br>Defendants. | No. 2:16-cv-0313-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis and appointment of counsel.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

2

**III.     Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it must be dismissed for failure to state a claim. Plaintiff alleges that several officers failed to follow policy and pack up his property when he was sent to administrative segregation. As a result, plaintiff's property was lost. One of the defendants allegedly tried to cover up for the other officers, which prevented plaintiff from receiving a "fair appeals process."

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not identify any specific claims for relief, but his allegations suggest that he wishes to state due process claims based on the loss of property and the denial of a fair appeals process. As set forth below, the allegations fail to state a cognizable claim under the applicable standards.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). The United States Supreme Court has held, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."[2] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Here, California's tort claim process provides an adequate postdeprivation remedy  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."). Plaintiff cannot state a proper due process claim because he has an adequate post deprivation remedy under California law.

---

[2] A due process claim is not barred, however, where the deprivation is foreseeable and will occur, if at all, at a predictable point in time, such that the state can be reasonably expected to make pre-deprivation process available. *See Zinermon v. Burch*, 494 U.S. 113, 136-39 (1990).

3

1	Moreover, there are no constitutional requirements regarding how a grievance system is
2	operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's
3	claimed loss of a liberty interest in the processing of his appeals does not violate due process
4	because prisoners lack a separate constitutional entitlement to a specific prison grievance system).
5	Thus, plaintiff may not impose liability on a defendant simply because he played a role in
6	processing plaintiff's appeals or because the appeals process was otherwise rendered unfair. *See*
7	*Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a
8	procedural right only, it does not confer any substantive right upon the inmates. Hence, it does
9	not give rise to a protected liberty interest requiring the procedural protections envisioned by the
10	fourteenth amendment." (internal quotations omitted)).

11	Because the deficiencies in plaintiff's claim cannot be cured by further amendment, the
12	complaint must be dismissed without leave to amend. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105
13	(9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is
14	absolutely clear that the deficiencies of the complaint could not be cured by amendment."
15	(internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A]
16	district court should grant leave to amend even if no request to amend the pleading was made,
17	unless it determines that the pleading could not be cured by the allegation of other facts.").

18	**IV.	Request for Appointment of Counsel**

19	Plaintiff requests that the court appoint counsel. District courts lack authority to require
20	counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist.*
21	*Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney
22	to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935
23	F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
24	When determining whether "exceptional circumstances" exist, the court must consider the
25	likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro
26	se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970
27	(9th Cir. 2009). Having considered those factors, the court finds there are no exceptional
28	circumstances in this case.

V. **Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's request for appointment of counsel (ECF No. 4) is denied.
4. This action is dismissed for failure to state a claim and the Clerk is directed to close the case.

Dated: May 19, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE